IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TANNER RAY HEDRICK,**

      **Plaintiff,**

v.                                                    **CIVIL ACTION NO.: 3:23-CV-73**
                                                                  **(GROH)**

**CORPORAL MICHEAL BEVERAGE**
**and CO3 PHILP NIXON,**

      **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on September 26, 2024. ECF No. 69. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's Complaint with prejudice. The Plaintiff timely filed his objections to the R&R on October 7, 2024. ECF No. 72. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On March 16, 2023, Tanner Ray Hedrick ("Plaintiff"), filed a Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. However, the most recent, and operative, Complaint was filed with the Court's permission on April 26, 2024. ECF No. 48. The Plaintiff alleges five claims against the Defendants. Specifically, his claims revolve around the temperature in his cell being too cold in January 2023.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims. The Plaintiff makes no objections to the R&R's recitation of the facts. Thus, for ease of review, the Court incorporates the facts from the R&R herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's

2

R&R, they were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient."  Mario 313 F.3d at 766.

Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12.  The Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R). More recently, the Fourth Circuit explained,

> To trigger de novo review, an objecting party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection. Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. District courts are not expected to relitigate entire cases to determine the basis of a litigant's objection. If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only.
>
> Importantly, objections need not be novel to be sufficiently specific. . . . If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III.

Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (cleaned up).

### III. DISCUSSION

In his Objections, the Plaintiff first takes issue with the R&R's inclusion of information about his underlying conviction. The Court notes that the Plaintiff's conviction is not germane to this case and has no bearing on the Court's consideration of the Plaintiff's claims. While information about what led to the Plaintiff's incarceration is not

3

relevant to the claims in this civil case, the Court cannot say it was an error for it to be included in the R&R either. Thus, Plaintiff's objection is overruled.

The remainder of Plaintiff's objections can be summarized as restating the claims in his Complaint, which, under Fourth Circuit precedent, require this Court to consider the claims de novo. In this case, the Court has the benefit of the Defendants' Motion to Dismiss and the Plaintiff's Response—in addition to the R&R.

The Court has reviewed the Defendants' Motion and incorporates those arguments herein, as well as the analysis provided by the R&R. Specifically, assuming the Plaintiffs' allegations are true—which the Court must do at this stage of the proceeding—the Defendants actions cannot sustain a § 1983 claim. The Defendants turned the heat down and caused Plaintiff to suffer limited exposure to cool, cold, or freezing temperatures within his cell. Case law is replete with examples where inmates were subjected to harsher conditions—for longer—and courts found no claims were stated. See, e.g. Turner v. Moore, No. 7:23-CV-00018, 2023 WL 3319922, at *3 (W.D. Va. May 9, 2023); Dunn v. FNU Mitchell, No. 3:14-CV-719-FDW, 2015 WL 338973, at *2 (W.D.N.C. Jan. 26, 2015); Oladokun v. Maryland, No. CIV.A. DKC-14-463, 2014 WL 7014511, at *8 (D. Md. Dec. 10, 2014).

To the extent Plaintiff raises any other issues in his objections, they are either general grievances or lack specificity or relevance to the legal issues before this Court, and they are overruled. When a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002). Thus, the Court reviewed the remainder of the R&R for clear error and finds none.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that the Plaintiff's Objections should be **OVERRULED.** ECF No. 72. Magistrate Judge Trumble's Report and Recommendation [ECF No. 69] is hereby **ORDERED ADOPTED** for the reasons more fully stated therein and incorporated as if they were set forth in this Order.

Further, the Defendants' Motion to Dismiss [ECF No. 59] is **GRANTED**, and the Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. ECF No. 48. Further, all outstanding motions not addressed in this Order shall be **DENIED**.[1]

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein and to the pro se Plaintiff, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** November 21, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE

---

[1] The Plaintiff's latest Motion seeks a refund for the filing fee in this case. The Court finds no good cause exists to issue a refund of the filing fee.